NOT DESIGNATED FOR PUBLICATION

No. 127,075

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

SHARON AUTEN,
*Appellee*,

and

RUSSELL L. AUTEN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wabaunsee District Court; JEFFREY R. ELDER, judge. Submitted without oral argument. Opinion filed June 27, 2025. Reversed and remanded with directions.

*Jennifer Martin Smith*, of Alderson, Alderson, Conklin, Crow & Slinkard, L.L.C., of Topeka, for appellant.

*Danielle N. Davey*, of Sloan, Eisenbarth, Glassman, McEntire & Jarboe, LLC, of Lawrence, for appellee.

Before MALONE, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM:  Russell L. Auten appeals the district court's judgment in a divorce case distributing marital property and requiring that he pay Sharon Auten an equalization payment of $100,000. Russell's only claim on appeal is that the district court erred by considering issues outside the pretrial order in determining the equalization payment. We agree. Thus, we reverse the district court's judgment and remand for further proceedings.

1

FACTUAL AND PROCEDURAL BACKGROUND

Russell and Sharon were married on December 12, 2020. This was Russell's second marriage and Sharon's third. The parties each owned assets individually before the marriage, but the value of Russell's premarital assets was substantially greater than the value of Sharon's. After the marriage, Sharon sold her home in Topeka and used the money from the sale to renovate the marital residence the parties shared in Wabaunsee County. Russell had lived in the Wabaunsee County home for 34 years before the marriage. In total, Sharon spent about $112,000 renovating the marital residence. In May 2021, the parties recorded a deed transferring the marital residence to joint tenancy.

The marriage was short lived, and Sharon petitioned for divorce on January 21, 2022. The parties filed domestic relations affidavits listing individual and joint assets. According to Sharon's amended domestic relations affidavit, aside from the marital residence, the only property held jointly was a 2006 Ford F-150 pickup truck valued at $3,000 and a 2018 Cherokee fifth wheel camper valued at $30,000.

On August 5, 2022, the district court entered a scheduling order providing "[a]s to the personal property of the parties the Court finds each should be awarded all personal property and passive money, financial accounts and income in their individual names prior to their marriage . . . ." The order did not divide any jointly owned property.

The district court entered a pretrial order on December 16, 2022. The order stated: "Each of the parties has filed a Pretrial Questionnaire, and from those questionnaires, it is determined that the only issue before the Court is the appreciation in the real property between the date of marriage and the date of filing of the petition for divorce." The witnesses were limited to the parties and the two appraisers on the marital residence. The order required Russell to keep no less than $112,312 in liquid assets to pay the full extent of the funds Sharon had put into the marital residence.

The district court entered the divorce decree on December 27, 2022, which did not divide the property and stated all remaining issues would be taken up at trial. The decree restored Sharon's former name. The parties later filed amended pretrial questionnaires that again identified the only issue to be addressed at trial as the value and division of the renovations to the marital residence, but the pretrial order itself was never amended.

The case proceeded to trial on February 15, 2023. There were no opening statements. Consistent with the pretrial order, the only witnesses were the parties and the two appraisers on the marital residence. Sharon's appraiser, Annette Harper, a realtor with Coldwell Banker American Home, testified that the marital residence appreciated in value during the marriage from $335,000 to "the $425 - / $430,000 range."

Sharon testified almost exclusively about the renovations to the marital residence. At one point Sharon briefly mentioned the 2006 Ford truck and the 2018 Cherokee fifth wheel camper but clarified that she "didn't put any money in them, but [Russell] did have my name on both titles." She stated it was her understanding that Russell would retain possession of both assets. Sharon introduced many exhibits at the trial all relating to the renovations of the residence.

Russell testified mostly about the renovations to the marital residence. Russell's appraiser, Robin Hannigan, a licensed real estate appraiser, testified that the marital residence appreciated in value during the marriage from $370,000 to $410,000. Russell's only trial exhibits were Hannigan's appraisal reports and her resume.

After hearing the evidence, the district court summarized the case by stating: "The real issue here is whether equity dictates that the Petitioner's investment in the property be returned to her. Or if not, what is the value of the property before they got married, and what was the value of the property after, and how should that be divided between the

3

parties." The district court took the matter under advisement and asked the parties to submit proposed findings of fact and conclusions of law in lieu of closing argument.

Russell's proposed findings of fact and conclusions of law, consistent with the pretrial order and the evidence presented at trial, suggested that the marital residence appreciated in value by $40,000. Russell argued that the appreciated value should be split equally between the parties resulting in an equalization payment to Sharon of $20,000.

Sharon's proposed findings of fact and conclusions of law summarized the testimony about the renovations and Harper's estimate on the appreciated value of the residence during the marriage. The proposed findings also listed all the property included in Sharon's domestic relations affidavit, including premarital assets, and observed that Russell was retaining assets of a significantly greater value than Sharon was retaining. Sharon proposed the value of the joint assets, including the F-150 truck and the camper, be divided equally between the parties for a total equalization payment of $227,000. Sharon argued that the entire value of the jointly held marital residence be divided equally between the parties and not just the appreciated value during the marriage.

The district court issued its memorandum decision on April 10, 2023. The court prefaced its decision with the following statement:

> "Until petitioner filed her proposed findings and conclusions of law, the Court did not understand that the F150 truck and camper were in dispute. Either the Court was mistaken, or petitioner has reconsidered her position. In any event, while there is no dispute that these things shall be set aside to respondent, consideration to be given to petitioner is at issue."

Addressing the valuation of the residence, the district court found Hannigan's testimony more credible than Harper's and found "that the increase in value of the marital residence during the marriage was $40,000." The district court also found that neither the

4

$20,000 equalization payment requested by Russell nor the $227,000 equalization payment requested by Sharon was a fair and equitable division of the marital assets under the circumstances of the marriage. The district court concluded its analysis by finding:

> "*Given that the assets retained by respondent are significantly more than those retained by petitioner*, that the benefits of the improvements made to the marital home will be enjoyed by respondent alone, and the short duration of this marriage the Court finds and ORDERS that respondent shall pay petitioner the sum of $100,000.00, that being a 'just and proper sum' under the circumstances of this marriage." (Emphasis added.)

Russell moved to alter or amend the judgment and argued that the district court's order went beyond the only issue before the court in the pretrial order. The district court ultimately denied the motion. Russell timely appealed the district court's judgment.

## ANALYSIS

Russell's only claim on appeal is that the district court erred by considering issues outside the pretrial order in determining the equalization payment. Russell argues that the pretrial order identified the appreciation in value of the real property during the marriage as the only issue before the court, so the district court should have limited the division of the marital assets and the determination of the equalization payment to that evidence. In particular, Russell asserts that the district court should not have considered the value of the truck and the camper in arriving at a just and proper division of the marital assets. Russell argues that the proper method for the district court to address anything other than what was in the pretrial order was by moving to amend the pretrial order.

Sharon asserts the district court did not err in making an equitable division of marital property. She points out that under the applicable statutes, all property owned by the spouses, whether held individually or jointly, becomes marital property when one

5

spouse commences an action for divorce. Sharon asserts the district court properly considered the statutory factors in arriving at an equitable division of the marital assets.

Under K.S.A. 2022 Supp. 60-216(d), a pretrial order controls the subsequent course of litigation. Among other things, pretrial orders may simplify the issues to be addressed at trial. K.S.A. 2022 Supp. 60-216(c)(2)(A). Generally, courts should not entertain issues not listed in the pretrial order unless it modifies the order to prevent manifest injustice. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 708, 317 P.3d 70 (2014). Appellate courts review whether the district court heeded a pretrial order for an abuse of discretion. *Koser v. Atchison, Topeka and Santa Fe Ry. Co.*, 261 Kan. 46, 61, 928 P.2d 85 (1996). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting an abuse of discretion bears the burden to show it. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Under K.S.A. 23-2801(a), all property owned by the spouses, whether held individually or jointly, becomes marital property when one spouse commences an action for divorce. Each spouse has a common ownership in marital property which vests at the time a divorce action is commenced. K.S.A. 23-2801(b). The division of property in a divorce is regulated by K.S.A. 23-2802. K.S.A. 23-2802(a) requires the court to divide the real and personal property of the parties by a division in kind, a division to one party while requiring the other to pay an equalization payment, or through the sale of property and division of the proceeds. K.S.A. 23-2802(b) provides that upon request, the trial court shall set a valuation date to be used for all assets at trial, which may be the date of separation, filing of the divorce petition or trial as the facts and circumstances of the case may dictate. K.S.A. 23-2802(c) provides:

6

"In making the division of property the court shall consider: (1) The age of the parties; (2) the duration of the marriage; (3) the property owned by the parties; (4) their present and future earning capacities; (5) the time, source and manner of acquisition of property; (6) family ties and obligations; (7) the allowance of maintenance or lack thereof; (8) dissipation of assets; (9) the tax consequences of the property division upon the respective economic circumstances of the parties; and (10) such other factors as the court considers necessary to make a just and reasonable division of property."

A district court's division of property is reviewed for an abuse of discretion. *In re Marriage of Wherrell*, 274 Kan. 984, 986, 58 P.3d 734 (2002). To the extent either party's claim requires statutory interpretation, this court has unlimited review. *In re Marriage of Holliday*, 317 Kan. 469, 471, 531 P.3d 1216 (2023).

Sharon is correct that under K.S.A. 23-2801(a), all property owned by Sharon and Russell, whether held individually or jointly, including property owned individually by each party before the marriage, is included in the definition of marital property. All the marital property was subject to an equitable division according to the factors listed in K.S.A. 23-2802(c). In a typical divorce case, the district court could have considered all the assets owned individually by the parties before the marriage and the fact that Russell was retaining assets of a significantly greater value than Sharon was retaining in arriving at an equitable division of property and determining a proper equalization payment.

But the issue in this case is whether the district court's discretion in dividing the marital property was limited by the terms of the pretrial order. Russell argues that the pretrial order identified the appreciation in value of the real property during the marriage as the only issue before the court, so the district court should have limited the division of the marital assets and the determination of the equalization payment to that evidence. We conclude Russell's interpretation is a fair reading of the pretrial order. Other aspects of the record on appeal also support this conclusion.

First, the August 5, 2022, scheduling order *awarded* each party all personal property held in their individual names before the marriage. Next, the December 16, 2022, pretrial order stated, "it is determined that the only issue before the Court is the appreciation in the real property between the date of marriage and the date of filing of the petition for divorce." The witnesses were limited to the parties and the two appraisers on the marital residence. This pretrial order was never amended. For the most part, the evidence presented at the trial was limited to the renovations of the marital residence during the marriage and the appreciation in value of the residence resulting from the renovations. At the end of the trial, the judge even summarized the case by stating the issue was determining the appreciated value of the residence during the marriage and how that value should be divided between the parties.

The case seemed to go off track when the parties submitted their proposed findings of fact and conclusions of law. Sharon's proposed findings listed all the property included in her domestic relations affidavit, including premarital assets, and observed that Russell was retaining assets of a significantly greater value than Sharon was retaining. Sharon proposed the value of the joint assets, including the F-150 truck and the camper, be divided equally between the parties for a total equalization payment of $227,000. Sharon argued that the entire value of the jointly held marital residence be divided equally between the parties and not just the appreciated value during the marriage.

The district court's memorandum decision observed that the court did not understand the F-150 truck and camper were in dispute until Sharon submitted her proposed findings. Still, the district court considered the value of these assets in reaching its decision. The district court adopted Russell's evidence that the marital residence appreciated in value by only $40,000 during the marriage. But the district court concluded that a just and proper equalization payment would be $100,000 in part because the assets retained by Russell were significantly more than those retained by Sharon.

8

The district court considered more than the evidence on the appreciated value of the residence during the marriage in determining the equalization payment. And as we already said, the applicable statutes allowed the district court to consider other factors. But did the district court's decision violate the pretrial order?

Russell cites *In re Marriage of L.S. and D.J.*, No. 125,656, 2024 WL 2795275 (Kan. App. 2024) (unpublished opinion), *rev. denied* 319 Kan. 834 (2024). L.S. had filed a motion for temporary child support. Before trial and without yet addressing the motion, the district court issued a pretrial order that did not include temporary child support as an issue to be addressed at trial. At the trial, L.S. informed the district court that her motion for temporary child support had not yet been heard. The district court did not address the motion at trial or in its decision, which addressed child support, but not temporary child support. L.S. moved to amend the judgment with a request that the district court address her motion and award her arears for temporary child support. After two hearings on the matter, the district court granted the motion to alter or amend the judgment to include L.S.'s claim for temporary child support. 2024 WL 2795275, at *3-4.

On appeal, this court found the district court abused its discretion. This court emphasized that the purpose of the pretrial order is to clarify the issues to be addressed "so that the element of surprise may be significantly reduced, if not wholly eliminated, thereby ensuring the parties receive a fair trial." 2024 WL 2795275, at *7. It then reaffirmed the general rule that issues not included in a pretrial order should not be entertained by the district court. 2024 WL 2795275, at *7. This court found that L.S. bore the obligation to try to amend the pretrial order so that the issue of temporary support could be addressed at trial. But L.S. did not do so, did not bring the motion for temporary child support to the court's attention in the time between when the pretrial order was issued and the trial date, and did not attempt to seek a continuance to give D.J. adequate notice to prepare to litigate against that motion. Thus, this court concluded the district court was barred from addressing the motion at trial. 2024 WL 2795275, at *6-7.

9

In response, Sharon cites *In re Marriage of Waugh and Tugman*, No. 100,973, 2009 WL 3270845 (Kan. App. 2009) (unpublished opinion). In that case, the parties stipulated to the value of the appreciation of an investment portfolio at $16,000, which was reflected in the pretrial order. But at trial, Tugman disputed the $16,000 valuation because he believed that value was reached without considering an additional $3,000 that an annuity had appreciated. He argued at trial that the appreciation of the investment portfolio should be $19,000. The district court agreed and valued the appreciation of the portfolio at $19,000 despite the stipulation in the pretrial order. 2009 WL 3270845, at *4.

On appeal, Waugh argued that the district court erred in valuing the portfolio differently than was stipulated in the pretrial order. This court disagreed. This court found that the issue in that case stayed the same—the appreciation of the investment portfolio. But Tugman merely sought to amend the pretrial order to include new evidence on that issue—the annuity's appreciation that the parties had missed. Because Tugman only sought to introduce new evidence, and not a new claim, this court concluded the district court did not abuse its discretion to amend the pretrial order and reach a valuation that differed from the stipulation. 2009 WL 3270845, at *5.

On the surface, this case aligns more closely with *In re Marriage of L.S. and D.J.,* because Sharon tried to introduce new issues not included in the pretrial order and not just new evidence of the marital home's appreciation. But each case must be judged on its own facts, and neither of these decisions controls the outcome of this appeal.

Our review of the entire record leads us to conclude that the parties and the district court were not on the same page in understanding what assets were at stake and the disputed issue to be decided by the district court at trial. A fair reading of the pretrial order supports Russell's argument that the only issue to be addressed at trial was the appreciated value of the residence during the marriage and that the district court would determine the equalization payment based only on that evidence. But that is not what

happened here. Instead, the district court considered all the property owned individually by each party before the marriage and the fact that the assets retained by Russell were significantly more than those retained by Sharon. The district court also considered the value of the truck and the camper. Had Russell known these issues would be considered by the district court in deciding the equalization payment, it could have affected the evidence he presented at trial and the arguments made to the district court.

Thus, we conclude that the proper disposition of this appeal is to set aside the district court's property division and remand for a new trial. On remand, each party should be allowed to move to amend the current pretrial order to identify the contested issues at trial. Before beginning the new trial, the district court should issue a final pretrial order that delineates what marital assets will be considered in the property division and the disputed issues to be resolved by the court. We offer no opinion on what the district court may determine from the evidence to be a fair and equitable division of property or a just and proper sum for an equalization payment.

Reversed and remanded with directions.